IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO
Senior District Judge Richard P. Matsch

Civil Action No. 07-cv-00145-RPM

ALLSTATE INSURANCE COMPANY,

        Plaintiff,

v.

ELIZABETH MOSER and
POUDRE HOSPITAL,

        Defendants.

_____

ORDER ON PLAINTIFF'S MOTION FOR SUMMARY JUDGMENT
_____

Elizabeth Moser and Rudolph Moser are the daughter and son of Linda Carpenter, residing with her and her husband, Edward Carpenter, at 2009 Mesaview Lane, Fort Collins, Colorado, in 2004. Allstate Insurance Company issued Auto Insurance Policy No. 017033554 10/02 ("Auto Policy") to Edward Carpenter and Linda Carpenter, effective October 2, 1004, listing Linda, Edward, Rudolf (sic) and Elizabeth as drivers and including a 1990 Nissan motor vehicle as one of the covered vehicles. On December 27, 2004, Rudolph Moser was driving that Nissan vehicle on Highway I-70 in Kansas with his sister, Elizabeth, as a passenger. A one vehicle accident occurred injuring Elizabeth Moser. She filed a civil action against her brother, Rudolph, in the District Court, Larimer County, Colorado, asserting that he was negligent in his operation of the vehicle, causing her injury and damages.

Allstate Insurance Company filed this civil action under diversity jurisdiction, seeking a declaration that there is no coverage for that liability because the insurance policy contains a "household exclusion," as follows:

> Allstate will not pay for any damages an insured person is legally obligated to pay because of:
> \* \* \*
> 8. bodily injury to any person related to an insured person by blood, marriage, or adoption and residing in that person's household.

Elizabeth Moser contends that while such an exclusion is valid under Colorado law, it is invalid in Kansas where the accident occurred. The Auto Policy provides that the limits of Allstate's liability and types of coverage are automatically expanded, if necessary, to meet the requirements of applicable compulsory insurance or similar law if an insured person is using an insured auto in another state.

At the time of the Moser accident, the Kansas Automobile Injury Reparations Act ("KAIRA"), K.S.A. 40-3107 (2004) required that every policy of motor vehicle liability insurance issued to an owner residing in Kansas provide a minimum of $25,000 coverage for bodily injury to any person. KAIRA also required all insurance companies authorized to do business in Kansas to declare that their motor vehicle liability policies, wherever issued, shall be deemed to provide the insurance required by 40-3107 when the insured vehicle is operated in Kansas. K.S.A. 40-3106(b). Allstate complied with that requirement by certifying to the State of Kansas Insurance Department that:

> it shall construe any automobile liability insurance policy issued by said company to any person not a resident of Kansas to satisfy the requirements of Section 6(b) of the Kansas Automobile Injury Reparations Act and to provide for the payment of first party benefits required under Section 6(b) of the Kansas Automobile Injury Reparations Act, when a motor vehicle covered by such policy is used or operated in Kansas on or after February 22, 1974.

The Auto Policy in this case does not comply with the Kansas statute requiring liability coverage of a minimum of $25,000 with no exclusions for resident family members. In *DeWitt v. Young,* 625 P.2d 478 (Kan. 1981), the Kansas Supreme Court held that a household exclusion in an auto policy was invalid or void but only as to the minimum coverage required by the Kansas statute. After that decision, the Kansas legislature amended KAIRA to permit household exclusions in auto policies, effective January 1, 1982. That change was repealed by subsequent legislation, effective in 1984. This legislative history does not alter the reasoning of the *DeWitt v. Young* opinion. Accordingly, Allstate is liable for Elizabeth Moser's injuries to the extent of $25,000 under the Auto Policy.

Allstate also issued an Allstate Personal Umbrella Policy, Policy Number 9 07 869569 09/06, for the policy period beginning on September 6, 2004 with no fixed expiration date and "basic liability" of $1,000,000 each occurrence to Edward Carpenter and Linda Carpenter as the Named Insureds ("Umbrella Policy"). "This policy applies to an occurrence anywhere in the world while the insurance is in force." (Umbrella Policy, p. 1.)

The Umbrella Policy also states that "[t]his policy provides only excess insurance. It does not contribute to any Required Underlying Insurance or other insurance which applies to an occurrence." (Umbrella Policy, p. 2.) The Required Underlying Insurance for automobiles is $100,000/300,000 bodily injury. (Umbrella Policy, p. 4.)

Under "Definitions":
* * *
5. "Insured" – means:
   a) you, and
   b) relatives residing in your household.

Under "Exclusions," the Umbrella Policy does not apply "to personal injury or bodily injury to an insured." (Umbrella Policy, as amended by policy endorsement.)

Elizabeth Moser claims coverage under the Umbrella Policy as a seamless extension of the underlying Auto Policy, which, in her view, provides coverage up to $100,000 if Kansas law voids the household exclusion in its entirety, thereby triggering the additional coverage provided by the Umbrella Policy. The argument fails because the coverage required by KAIRA is limited to $25,000.

There are no factual issues relevant to the plaintiff's motion for summary judgment.

Upon the foregoing, it is

ORDERED, that judgment shall enter declaring that Allstate Insurance Company's liability under Auto Policy No. 017033554 10/02 for injuries to Elizabeth Moser caused by the automobile accident of December 27, 2004, is limited to $25,000, and that Allstate's Personal Umbrella Policy Number 9 07 869569 09/06 does not

provide any coverage for her injuries. It is also

ORDERED, that the defendant's Rule 56(f) motion [Doc. #54] is denied.

DATED: January 7th, 2009

BY THE COURT:

s/Richard P. Matsch

_____
Richard P. Matsch, Senior Judge